UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLY EDWIN PAYHUA BRAVO,<br>Petitioner,<br>v.<br>TODD LYONS, et al.,<br>Respondents. | No. 1:26-cv-00104-DJC-EFB<br><br>FINDINGS AND RECOMMENDATIONS (ECF No. 15) |

Petitioner is a noncitizen alien who was formerly detained in an immigration detention facility, who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. As discussed below, he was ordered released in a preliminary injunction order entered in this matter earlier this year. Pending before the court is respondents' motion to dismiss. ECF No. 15. For the reasons set forth below, the undersigned recommends the motion be denied.

**BACKGROUND**

**A. Factual Background**

In his petition for writ of habeas corpus, petitioner alleges he is a noncitizen who entered the United States in June 2022 and sought asylum. ECF No. 1 ¶ 2. At some point after his entry, he was detained by the Department of Homeland Security and released. *Id.* ¶¶ 55, 62, 67. On October 22, 2025, at a routine check-in with Immigrations and Customs Enforcement (ICE), petitioner was arrested and was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.* ¶¶ 3, 16, 79, 85. He was not given a hearing before his October 22, 2025 arrest and was not given

a custody redetermination hearing after his arrest. *Id.* ¶¶ 77, 81, 87.

In their motion to dismiss, respondents do not dispute these factual allegations. *See* ECF No. 15. Additionally, they represent that petitioner had been placed in removal proceedings that were terminated in 2024, but those proceedings were re-opened in 2025. *Id.* at 1, n.1.

**B. Procedural Background**

On January 7, 2026, petitioner initiated the instant proceeding, filing a motion for temporary restraining order the same day. ECF Nos. 1, 2. On January 8, 2026, the district judge ordered respondents to show cause why a preliminary injunction should not issue, based on the apparent similarities in the issues raised in this case and those addressed in *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR; *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; and *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP. ECF No. 4. The same day, respondents filed an opposition to the motion for temporary restraining order, ECF No. 7, and, later that day, the district judge issued an order converting the motion for temporary restraining order into a motion for preliminary injunction and granting it, ordering petitioner's immediate release. ECF No. 8. The court also referred all further pretrial proceedings to the undersigned. *Id.* On January 9, 2026, respondents filed a notice with the court stating that petitioner had been released and requesting 180 days to respond to the petition. ECF No. 10. That day, the undersigned issued an order denying the request and requiring respondent to file a response to the petition within 20 days. ECF No. 11. Respondents subsequently renewed their request for 180 days to respond to the petition. ECF No. 12. On January 23, 2026, petitioner filed a reply to respondents' opposition to the motion for temporary restraining order and opposition to respondents' request for a 180-day responsive pleading deadline. ECF No. 14. On January 27, 2026, respondents filed a motion to dismiss, ECF No. 15, and petitioner filed an opposition brief on February 3, 2026. ECF No. 16.

**DISCUSSION**

In his petition, petitioner raises two claims for relief. First, he alleges that his detention under 8 U.S.C. § 1225(b)(2) constituted a violation of the Immigration and Nationality Act, because that section does not properly apply to him. ECF No. 1 ¶¶ 89-91. In his second claim,

petitioner alleges that his detention without a custody redetermination hearing violated his rights to due process under the Fifth Amendment. *Id*. ¶¶ 92-95. In their motion to dismiss, respondents argue that petitioner was properly subject to the mandatory detention provisions of § 1225(b)(2), thus warranting dismissal of petitioner's first claim as a matter of law. ECF No. 15 at 1-2. Respondents further argue that the lawful application of § 1225(b)(2) to petitioner circumscribes his liberty interest, such that his detention pursuant to that subsection does not violate his due process rights. *Id*. at 2.

In granting petitioner's motion for preliminary injunction and ordering petitioner's release, the district judge rejected respondents' statutory and due process arguments, *see* ECF Nos. 4, 8, and respondent provides no reason why a different result should obtain at this stage of the proceedings. *See* ECF No. 15. Since the issuance of the preliminary injunction, the Court of Appeals has confirmed that persons, like petitioner, who are apprehended in the interior of the United States are subject to the discretionary detention scheme codified at 8 U.S.C. § 1226(a), not the mandatory detention scheme set forth in § 1225(b)(2). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). This holding squarely forecloses respondents' argument that dismissal of petitioner's Count One is warranted as a matter of law. *See* ECF No. 15. For the same reason, respondents' argument that Count Two should be dismissed also fails, as respondents' argument is premised on a construction of § 1225(b)(2) that the Court of Appeals rejected in *Rodriguez Vazquez*, 183 F.4th 1160. *See* ECF No. 15 at 2; *see also id*. at 2 & n.2 (recognizing that the Court of Appeals' decision in *Rodriguez Vazquez* may be dispositive to the instant case). Respondents therefore have not shown that dismissal of the petition is merited.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that respondents' Motion to Dismiss (ECF No. 15) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 11, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE